IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA K. KROSS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-07539 |
| | ) | |
| v. | ) | |
| | ) | |
| NORWEGIAN-AMERICAN HOSPITAL INC., | ) | |
| | ) | |
| | ) | JURY TRIAL REQUESTED |
| Defendant. | ) | |

**COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
AND THE ILLINOIS HUMAN RIGHTS ACT**

NOW COMES THE PLAINTIFF, AMANDA K. KROSS, by her attorneys MacDonald, Hoague & Bayless and Kinoy, Taren & Geraghty P.C. and hereby complains against Defendant Norwegian-American Hospital Inc. as follows:

**I.    INTRODUCTION**

Amanda Kross was hired by Defendant in July 2014 as its part-time Volunteer Coordinator. Ms. Kross suffers from a vascular disease which limits her mobility. By 2015, she was forced to use a knee scooter or wheelchair to ambulate. Despite her disability, Plaintiff was repeatedly told by her new supervisor, Jamie Moctezuma, what a great job she was doing. In August of 2016, Plaintiff took leave associated with the diagnosis of her condition and surgery causing her to be off work for several weeks. When she returned from her leave, Plaintiff was informed by Mr. Moctezuma that the Department was going to be restructured and her job would be eliminated. In its place, a full-time "Assistant Volunteer Coordinator" would be hired at $6.85 an hour less than Plaintiff had been making. Despite the lower salary, Plaintiff applied for

1

the job that she had been doing and was rejected. At her interview with the Human Resources Department, she was repeatedly questioned about her prior leave and her disability. A less experienced, less qualified employee was hired instead of Plaintiff.

Plaintiff brings this action for violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. §12111, *et seq*. and the Illinois Human Rights Act, seeking injunctive relief, actual, punitive and/or liquidated damages and attorneys' fees.

## II. PARTIES

1. Plaintiff Amanda K. Kross is a 41-year-old citizen of the United States residing in Chicago, Illinois, County of Cook. Plaintiff was employed by Defendant as the Volunteer Coordinator starting in July 2014 and continuing until her termination of employment on or about November 11, 2016.

2. Defendant Norwegian-American Hospital Inc. (hereinafter referred to as "Norwegian") is an Illinois not-for-profit corporation with its principal place of business at 1044 N. Francisco Ave., Chicago, IL 60622. Norwegian is a 200-bed acute care facility that has been in existence since 1935 and that serves the Humboldt Park community of Chicago. As of 2013, Norwegian reported having over 910 employees and a medical staff of a little more than 300.

3. Plaintiff Kross is an employee within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. §12111(8) and §12102. Kross is a person with a disability within the meaning of the ADA. Kross has the condition of complex regional pain syndrome, which limits her mobility and often requires her to use a knee scooter or wheelchair to ambulate. Defendant has been aware of the Plaintiff's disability since at least 2015.

4. Defendant is an employer within the meaning of the ADA, 42 U.S.C. §1211(5), as it is engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

### III. JURISDICTION AND VENUE

5. Jurisdiction of this court is invoked pursuant to 28 U.S.C.§§1343(3) and 1343(4), and 42 U.S.C. § 2000e-5(3). This court has Supplemental Jurisdiction over the Plaintiff's claims under the Illinois Human Rights Act. Venue is appropriate in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1391(b), as all of the acts and omissions giving rise to Plaintiff's claims occurred there and Plaintiff and Defendant may be found in this judicial district.

### IV. STATEMENT OF FACTS

6. Plaintiff Amanda Kross began working for the Defendant as its Volunteer Coordinator in July of 2014 at a salary of $24.85 per hour, 20 hours per week.

7. From July of 2014 until November 11, 2016, Plaintiff worked part-time.

8. In March of 2016, Plaintiff was assigned a new supervisor, Jamie Moctezuma. Mr. Moctezuma repeatedly told Plaintiff what a great job that she was doing.

9. At the end of August 2016, Plaintiff took Paid Time Off (PTO) to see the Chief Vascular Surgeon at New York University Hospital in an effort to diagnose and treat her Complex Regional Pain Syndrome. Ms. Kross's leave was approved by the Defendant at that time.

10. After returning from New York, Plaintiff was referred to a doctor in Nevada who was a specialist in her condition. After seeing this doctor, Ms. Kross was immediately scheduled for surgery. Ms. Kross took approved medical leave for the surgery and recuperation time.

11. After returning from leave, Plaintiff was informed by Mr. Moctezuma that the Department was going to be restructured and the position of Volunteer Coordinator was going to be eliminated. Moctezuma told Plaintiff that Defendant was going to hire a full-time Assistant Volunteer Coordinator to perform the same functions as Plaintiff had been performing, at a salary of $18.00 per hour.

12. Despite the lower salary, Ms. Kross informed Mr. Moctezuma that she was interested in applying for the position.

13. On October 31, 2016, Plaintiff interviewed with Mr. Moctezuma for the full-time position. Plaintiff was thereafter informed that she would have a second interview with Human Resources representative Jaime Garcia.

14. On November 3, 2016, Plaintiff was interviewed for the new position by Mr. Garcia. Mr. Garcia asked Plaintiff numerous questions at her interview concerning her disability. He pointed at her walking boot and asked her how she was doing. He asked her whether she was sure that her surgery had helped. He asked her whether she would need additional medical follow-up. These questions were designed to elicit information about Plaintiff's disability. These questions were unlawful disability-related inquiries in violation of 42 U.S.C. §12112(d)(4)(A)(1994) and 29 C.F.R. §1630.14(c)(1998). See also, EEOC Enforcement Guidance: Disability-Related Inquiries and Medical Examinations of Employees under the Americans with Disabilities Act found at https://www.eeoc.gov/policy/docs/guidance-inquiries.html

15. In response to Mr. Garcia's questioning, Plaintiff informed him about her disability and prognosis, letting him know that her disability did not interfere with her ability to perform the essential functions of the job.

4

11441.1 kj180903

16. The Defendant did not hire Plaintiff for the position of Assistant Volunteer Coordinator despite the fact that she was the most qualified person for the position. Instead, Defendant hired a less qualified applicant, Maria Rico.

17. Upon information and belief, Ms. Rico was, in fact, given the job title of Volunteer Coordinator, not Assistant Volunteer Coordinator.

V. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

18. Plaintiff filed a timely Charge of Discrimination with the EEOC on May 3, 2017. Plaintiff received a Right to Sue Letter from the EEOC dated August 8, 2017. This action has been filed within ninety (90) days of the issuance of the Right to Sue Letter.

19. The Plaintiff's EEOC Charge was cross-filed with the Illinois Department of Human Rights. Upon the issuance of a Right to Sue Letter from the EEOC, Plaintiff is entitled to Administrative closure of her IDHR complaint. By letter dated August 14, 2017, Plaintiff has requested Administrative closure which allows her to pursue her IDHR claim in this action. Plaintiff expects this closure to occur prior to the expiration of the 90-day period. However, if it does not, Plaintiff would request that this Supplemental Claim be stayed until such time as the IDHR closure letter has issued.

VI. **DAMAGES**

20. As a direct result of the Defendant's conduct set forth above, Plaintiff has suffered and will suffer substantial economic losses, including lost wages, benefits and future income.

21. As a direct result of the Defendant's conduct set forth above, Plaintiff has suffered substantial emotional injury damages.

22. All of the actions taken by Defendant were taken willfully, maliciously and in reckless disregard for the Plaintiff's rights.

### FIRST CLAIM FOR RELIEF – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT RELATED TO THE TERMINATION OF PLAINTIFF'S EMPLOYMENT AS PART-TIME VOLUNTEER COORDINATOR

23. Defendant has intentionally discriminated against Plaintiff Kross on the basis of her disability by terminating her employment as Volunteer Coordinator because of her disability in violation of 42 U.S.C. § 12111.

### SECOND CLAIM FOR RELIEF – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT RELATED TO THE FAILURE TO HIRE PLAINTIFF FOR THE FULL-TIME ASSISTANT VOLUNTEER COORDINATOR POSITION

24. Defendant has intentionally discriminated against Plaintiff Kross on the basis of her disability by refusing to hire her as Assistant Volunteer Coordinator because of her disability in violation of 42 U.S.C. § 12111.

### THIRD CLAIM FOR RELIEF – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT RELATED TO THE UNLAWFUL DISABILITY-RELATED INQUIRIES

25. Defendant has intentionally discriminated against Plaintiff Kross on the basis of her disability by making unlawful disability-related inquiries during her job interview for the Assistant Volunteer Coordinator position in violation of 42 U.S.C. §12112(d)(4)(A)(1994).

### FOURTH CLAIM FOR RELIEF – VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT RELATED TO THE TERMINATION OF PLAINTIFF'S EMPLOYMENT AS PART-TIME VOLUNTEER COORDINATOR

26. Defendant has intentionally discriminated against Plaintiff Kross on the basis of her disability by terminating her employment as Volunteer Coordinator because of her disability in violation of the Illinois Human Rights Act.

11441.1 kj180903

### FIFTH CLAIM FOR RELIEF – VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT RELATED TO THE FAILURE TO HIRE PLAINTIFF FOR THE FULL-TIME ASSISTANT VOLUNTEER COORDINATOR POSITION

27. Defendant has intentionally discriminated against Plaintiff Kross on the basis of her disability by refusing to hire her as Assistant Volunteer Coordinator because of her disability in violation of the Illinois Human Rights Act.

**WHEREFORE, PLAINTIFF RESPECTLLY REQUESTS AS FOLLOWS:**

A. That this matter be tried to a jury;

B. That Plaintiff be awarded compensatory damages against Defendant, including all lost wages, benefits and future income, for violation of the Americans with Disabilities Act and the Illinois Human Rights Act;

C. That Plaintiff be awarded damages for her emotional injuries for violation of the Americans with Disabilities Act and the Illinois Human Rights Act;

D. That Plaintiff be awarded punitive damages against Defendant for willful, malicious and/or reckless actions, in violation of the Americans with Disabilities Act;

E. That Plaintiff be awarded her reasonable attorneys' fees and costs against Defendant for violation of the Americans with Disabilities Act and the Illinois Human Rights Act;

F. That Plaintiff be reinstated to her prior position with the Defendant or in lieu thereof , that Plaintiff be awarded front pay with a tax effect supplement; and

G. That Plaintiff be awarded such other relief as this Court sees fit and proper.

Respectfully submitted this 19th day of October, 2017.

*s/ Jeffrey L. Taren*
Jeffrey L. Taren
MacDonald Hoague & Bayless
705 Second Ave., Suite 1500
Seattle, WA 98104
(206) 622-1604 | Phone
(206) 343-3961 | Fax
JeffreyT@mhb.com
IL Bar #2796821
WSBA #50275

Miriam N. Geraghty
Kinoy, Taren & Geraghty, P.C.
303 W. Madison Ave., Suite 2650
Chicago, IL 60604
(312) 663-5210 | Phone
(312) 663-6663 | Fax
mgeraghty@ktglawyer.com

*Attorneys for Plaintiff*